[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #110
The plaintiff, David Nargi, brings this action against Yale University and its Director of Security alleging that he was terminated from his employment because of a non-work related arrest which was nolled by the state. The plaintiff claims both intentional and negligent infliction of emotional distress.
The plaintiff was arrested on September 20, 1998 and charged with the sale of a controlled substance.
The plaintiff was deposed on April 20, 1999 and June 3, 2002. The plaintiff admitted that he was arrested for sale of a controlled substance, that he, as a security guard, had access to areas where controlled substances were stored and that he was aware of Yale's policy prohibiting employees from the illegal possession or sale of controlled substances.
On the occasion of both depositions, counsel for the defendants asked questions of the plaintiff as to where he got the controlled substances in question and what he intended to do with them. In each instance the plaintiff's attorney instructed him not to answer such questions or he elected to do so on his own. In the first deposition the plaintiff raised arguments as to relevancy. In the second deposition and at oral argument on the instant motion, the plaintiff claims that he need not answer those questions based upon his Fifth Amendment right against self-incrimination.
The defendants have now moved for dismissal as a sanction for the willful refusal of the plaintiff to answer the questions referred to above at his depositions. The plaintiff objects citing lack of relevance and his Fifth Amendment rights.
Clearly the information sought is relevant. The plaintiff was a CT Page 11941 security guard with access to controlled substances. Where he obtained the controlled substances involved in his arrest and what he intended to do with them is highly relevant as to Yale's defense that his termination was justified.
As to the plaintiff's assertion of his Fifth Amendment rights the question becomes whether a person can bring a lawsuit based upon certain events and then refuse to answer questions relating to those events based upon his right against self-incrimination. This question was answered by the Connecticut Supreme Court in Pavlinko v. Yale New Haven Hospital,192 Conn. 138 (1984). In Pavlinko the court stated at pp. 146-147:
 "The privilege against self-incrimination is a constitutional shield against a person being compelled to convict himself out of his own mouth. It may not be used as a sword to deny others information which is rightfully theirs. A plaintiff cannot use one hand to seek affirmative relief in court and with the other lower an iron curtain of silence against otherwise pertinent and proper questions which may have a bearing upon his right to maintain his action. . . . A person who exercises his privilege against self-incrimination to refuse to answer questions pertinent to the issue involved in a civil action risks having his complaint dismissed upon timely motion."
The plaintiff argues that if sanctions are appropriate, such sanction should be no more than permitting the trier to draw an adverse inference as to the subject matter concerning which the plaintiff refuses to testify. Another sanction might be precluding the plaintiff from offering evidence concerning the subject matter of the questions at issue.
In the court's view neither of such sanctions is appropriate. Certainly preclusion would not be proper since the area of inquiry is something that the defendants and not the plaintiff would seek to place before the jury. As to permitting the trier to draw an adverse inference, the subject matter of the inquiry is too central to the issues in the case to make such a sanction appropriate.
Therefore, the plaintiff should be required to answer all questions relating to the circumstances of his arrest including where he got the controlled substances and what he intended to do with them if he elects to continue with this action. Failure to do so will result in dismissal. CT Page 11942
Giving the benefit of the doubt to the plaintiff as to any ambiguity in the court's previous orders, he will be permitted one further opportunity to answer such questions at deposition. If the plaintiff continues with his refusal to answer such questions the defendants may move for dismissal.
By the Court,
Bruce W. Thompson, Judge CT Page 11943